LAPP and others *v.* VAN NORMAN and another.

*(Circuit Court, D. Minnesota.  February 15, 1884.)*

1. VOLUNTARY ASSIGNMENT—POSSESSION OF ASSIGNEE—ATTACHMENT.
   Property in the possession of an assignee under a voluntary assignment, purporting to be made by the debtor in pursuance of the statute of Minnesota, approved March, 1881, is not *in custodia legis*, so as to exempt it from seizure by a writ of attachment issued out of the circuit court of the United States.

2. SAME — MOTION TO DISSOLVE ATTACHMENT AND TURN OVER PROPERTY TO ASSIGNEE.
   A motion to dissolve an attachment and order the property to be turned over to the assignee by the marshal, denied upon the facts stated in the opinion.

The defendants made an assignment to one Bennett, in pursuance of the provisions of section 1 of the insolvency law of the state of Minnesota, approved March 7, 1881. While the debtor's property in store was in the possession of a deputy sheriff of Hennepin county, Minnesota, the United States marshal attempted to take the same by virtue of a writ of attachment issued out of the United States circuit court for this district. The deputy sheriff, after this attempted levy, on demand of the assignee, surrendered the possession of the property to him, which was immediately taken by the marshal, and the assignee ejected from the building. A motion is made by the assignee to intervene in this suit, and to dissolve the writ of attachment issued out of this court.

*Merrick & Merrick,* for Bennett, assignee.

*O'Brien & Wilson, contra.*

NELSON, J. It is not necessary to decide on this motion whether the assignment is fraudulent on its face. True, the assignors have expressly reserved an interest to themselves, and authorized the assignee to pay over to them any surplus that may remain, to the ex-

clusion of those creditors who do not file a release and participate in the assets of the estates. It is doubtful whether such a provision is in harmony with the law, but in the view taken by the court this question will not be considered. The affidavits introduced by the assignee at the hearing show that the sheriff of Hennepin county was in possession of and legally controlled the store and stock, when a demand was made by virtue of the assignment and the possession of the property surrendered by the deputy. The United States marshal of this district had attempted to make a levy after the sheriff had taken possession, but he could not rightfully interfere with that officer, and there was no voluntary surrender to him of the property seized. It also fairly appears by the affidavits of Bennett, the assignee, A. B. Van Norman, Peterson, deputy sheriff, and A. N. Merrick, that after the sheriff or his deputy had surrendered the possession on demand of the assignee and released the property, the United States marshal immediately took the same by virtue of a writ of attachment issued out of the circuit court of the United States for the district of Minnesota. It is by virtue of this seizure that the marshal holds the property. On this statement of the facts I shall not decide on this motion who has the better title and right to the possession of the property taken.

*Mather* v. *Nesbit*, 13 FED REP. 872, has no application to the facts here. The writ of attachment properly issued in this suit against the debtor, and if the marshal has seized the property which belonged to Bennett, he is certainly liable in an action of trespass for the damages thereby sustained.

It is claimed that the property in the possession of the assignee is *in custodia legis* and not subject to seizure by writ of attachment. I do not agree to this. The statute of Minnesota, March, 1881, did not validate all assignments purporting to be made in pursuance thereof, and forbid a judicial investigation; and while I concede that an attachment would not hold the property to satisfy a judgment against the defendants unless the assignment is fraudulent and void against the plaintiffs, yet under the law the property in the possession of the assignee is not *in custodia legis* so as to exempt it from seizure. This instrument is the source of title in the assignee, and its execution is the voluntary act of the debtors, and not a proceeding instituted by law against them. The object of section 1, as said by the court in Rhode Island, where a similar section is contained in the insolvent law of that state,—"is to take advantage of the displeasure which a debtor naturally feels when his property is attached, or to hold out an inducement to him to make an assignment." 12 R. I. 460. The defendants have joined issue in the action brought by the plaintiffs, and if the assignee desires to defend he can become a party thereto.

The motion to dissolve the attachment, however, is denied and it is so ordered.